IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

:IDA-LEE: FAMILY OF [REMAN]

    Plaintiff,

                                       3:12-cv-00015-PK

                                       FINDINGS AND
v.                                      RECOMMENDATION

MONTY S. CAMPBELL

    Defendants.

PAPAK, Magistrate Judge:

    Plaintiff *pro se* :ida-lee:family of [reman] (hereinafter "plaintiff") filed this action against Monty Campbell ("Judge Campbell"), a Circuit Judge of the Polk County Circuit Court, arising out of her arrest, detention, prosecution, and conviction for driving with a suspended or revoked license and failure to carry or present a license in violation of Or. Rev. Stat. §§ 811.175 and 807.570. Plaintiff has now moved to have this action reassigned to a "district court of the United States circuit rider Judge." (#3.) For the reasons discussed below, the court should deny

Page 1 - FINDINGS AND RECOMMENDATION

plaintiff's motion and dismiss plaintiff's action *sua sponte* for lack of subject matter jurisdiction and failure to state a claim.

## FACTUAL BACKGROUND

According to plaintiff's complaint, on July 18, 2011, she was pulled over by a law enforcement officer, Deputy Martin Powell. (Complaint, #1, at 8.) Deputy Powell asked her for her license, "threatened" and "arrested/kidnapped" her, and "detained [her] for no apparent reason." *Id.* Plaintiff was then taken to the Polk County Jail, held for over nine hours, "rough [sic] handled," "lied to and deceived" by jail deputies, forced to sign documents against her will, and finally released. *Id.* at 8-9. Plaintiff received two citations, and was charged in Polk County Circuit Court, with Circuit Judge Monty Campbell presiding. *Id.* at 9. Judge Campbell allegedly committed various instances of misconduct, including denying plaintiff a right to counsel, preventing her from filing evidence, denying her discovery requests, forcing her to sign a bail bond, refusing to complete W-9 tax forms presented by the plaintiff, and denying her a bench trial. *Id.* at 9-10. Plaintiff unsuccessfully sought relief from the Oregon Supreme Court by filing a writ of *mandamus* and *quo warranto* and two motions for emergency stay, all of which were denied. *Id.* at 12. She also prepared a motion to have Judge Campbell recuse himself, but it was apparently returned to her without being considered. *Id.*

Plaintiff proceeded to trial, which she alleges was "a total sham" and was convicted. *Id.* at 13. During the trial, plaintiff alleges that Judge Campbell "forced her cross the bar," "shanghaied [her] against her will," insisted on calling her "Reman" instead of "ida," admitted hearsay and false testimony, shielded the district attorney from answering plaintiff's questions, refused to answer questions about his own legitimacy, and provided improper instructions to the

Page 2 - FINDINGS AND RECOMMENDATION

jury. *Id.* at 12-13.

Plaintiff alleges that Judge Campbell violated various of her constitutional rights under the color of state law, causing her "extensive time loss," financial loss, and emotional and psychological injuries.[1] *Id* at 14, 18. Plaintiff also purports to mount a constitutional challenge to Or. Rev. Stat. §§ 811.175 and 807.570, alleging that those statutes violate her constitutionally protected right to travel. *Id.* at 18. Although phrased in the form of declaratory relief, plaintiff's prayer actually seeks compensatory and punitive damages, attorney fees, and injunctive relief in the form of a court-led investigation into Judge Campbell "creating and trafficking in fraudulent, forged, counterfeit, securities" in this and other cases. *Id.* at 20.

## ANALYSIS

### I. Motion for Reassignment

As a preliminary matter, plaintiff moves to have this action reassigned to a "district court of the United States circuit rider Judge." (#3.) That motion is denied. Under 28 U.S.C. §636, when addressing dispositive motions absent consent of the parties, a magistrate judge only has the authority to propose findings of fact and recommendations for disposition to a district court judge. Plaintiff may object to any of my proposed findings and recommendations as described in 28 U.S.C. §636(b)(1), and a district court judge will make a *de novo* determination on those issues.

### II. Lack of Subject Matter Jurisdiction

---

[1] Plaintiff also alleges that Deputy Martin Powell committed false arrest and that she suffered physical, psychological, and emotional abuse as a consequence, although she does not name Deputy Powell as a defendant. *Id.* at 14, 20. Similarly, plaintiff alleges that Deputy Powell, District Attorney Carlette Kruse, and Judge Campbell jointly committed fraud, but does not name Kruse as a defendant either. *Id.* at 15.

Page 3 - FINDINGS AND RECOMMENDATION

Further, plaintiff's complaint should be dismissed because it appears from her pleading that this court lacks subject matter jurisdiction. A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See, e.g., Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Pursuant to the so-called *Rooker-Feldman* doctrine, the federal courts lack jurisdiction to exercise appellate review over state court judgments. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-859 (9th Cir. 2008); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). However, the doctrine is equally applicable to bar the federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser*, 525 F.3d at 859 (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) and citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* (quoting *Bianchi*, 334 F.3d at 898). In essence, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a

Page 4 - FINDINGS AND RECOMMENDATION

United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (citations omitted).

Here, plaintiff does not explicitly seek to have her state court convictions overturned. She does, however, bring claims that are "inextricably intertwined" with Judge Campbell's various rulings in her case in Polk County Circuit Court. For example, her allegations that Judge Campbell improperly responded to her various pre-trial and trial requests, refused to admit evidence, denied her a bench trial, refused to consider her motion to recuse him, addressed her with an improper name in court, misinstructed the jury, and violated his oath of office, all would call on this federal court to interpret Judge Campbell's "application of state laws or procedural rules," which is forbidden. Lacking federal subject matter jurisdiction, plaintiff's complaint should be dismissed.

### III.  Judicial Immunity

Even if this court possessed subject matter jurisdiction, plaintiff's complaint should also be dismissed *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. A trial court may dismiss a claim *sua sponte* under Fed.R.Civ.P. 12(b)(6), but it must give notice of its intent to dismiss the claim and "afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion." *Lee v. City of L.A.*, 250 F.3d 668, 683 n.7 (9th Cir. 2001). Here, plaintiff will have ample opportunity to respond to this courts recommendation that her claim be dismissed by filing objections to the district court.

Plaintiff fails to state a claim because defendant Judge Monty Campbell enjoys absolute immunity. Generally, judges are immune from claims for damages. *Stephens v. Oregon ex rel.*

Page 5 - FINDINGS AND RECOMMENDATION

*Judicial Dep't*, 2011 WL 4961976, at \*1 (D. Or. Oct. 18, 2011) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). Judicial immunity "applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id.* (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985). That immunity may be overcome in only two sets of circumstances: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles*, 502 U.S. at 11–12). Here, it is clear that plaintiff complains of Judge Campbell's judicial actions. Morever, even taking plaintiff's allegations to be true, there is no suggestion that Judge Campbell lacked the power to "decide [plaintiff's] case or issue a decree." Black's Law Dictionary 927 (Bryan Garner et al. eds., 9th ed.1990) (defining jurisdiction). Thus, Judge Campbell is immune from suit for damages.

Furthermore, to the extent that plaintiff's complaint can be read to seek injunctive relief against Judge Campbell, he is also immune from that remedy. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Stephens*, 2011 WL 4961976, at \*2 (quoting 42 U.S.C. § 1983). Since there is no suggestion that Judge Campbell violated a declaratory decree or that declaratory relief was unavailable, Judge Campbell is also immune from injunctive relief. Accordingly, plaintiff's complaint against Judge Campbell is without legal basis and no relief may be granted. *Id.* at \*3 (citing *Sun v. Forrester*, 939 F.2d 924, 925–26 (11th Cir. 1991)).

///

Page 6 - FINDINGS AND RECOMMENDATION

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reassignment to a district court judge (#3) is denied. Moreover, plaintiff's complaint (#1) should be dismissed with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 9th day of February, 2012

Honorable Paul Papak
United States Magistrate Judge